UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 21-cv-20931-BLOOM

VICTOR ARIZA,

    Plaintiff,

v.

AGENT PROVOCATEUR
INTERNATIONAL (US) LLC, a foreign
limited liability company,

    Defendant.
_____/

## ORDER VACATING DEFAULT FINAL JUDGMENT AND DISMISSING CASE

**THIS CAUSE** is before the Court upon Defendant Agent Provocateur International (US) LLC's ("Defendant") Agreed Motion to Set Aside Default Final Judgment, ECF No. [19] ("Motion"), filed on June 4, 2021. Plaintiff Victor Ariza ("Plaintiff") filed this action against Defendant on March 9, 2021, alleging that Defendant's website violates the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq.* ("ADA"). ECF No. [1] ("Complaint"). When Defendant failed to timely file an answer or response to the Complaint, the Clerk of Court entered Default on April 5, 2021. ECF No. [9]. On April 13, 2021, the Court entered a Default Final Judgment against Defendant, which granted injunctive relief requiring Defendant to make changes to the website. ECF No. [11]. Defendant has now appeared in this action and files the instant Motion seeking to set aside the Default Final Judgment because Defendant does not own, control, or operate the website at issue. After the Default Final Judgment was issued, Plaintiff learned that the website at issue was owned, controlled, and operated by another entity, Agent Provocateur International, Ltd. As such, Plaintiff agrees to the relief requested in the Motion. Upon review, the Motion is granted.

Pursuant to Federal Rule of Civil Procedure Rule 60, courts may grant relief from a final judgment or order based upon a variety of specifically enumerated reasons. *See* Fed. R. Civ. P. 60(b). Relevant here, Rule 60(b)(5) provides that a court may relieve a party from a final judgment where "applying it prospectively is no longer equitable[.]" Fed. R. Civ. P. 60(b)(5). Under Rule 60(b)(5), a party seeking relief from judgment "bears the burden of establishing that a significant change in circumstances warrants revision of the decree. . . . A party seeking modification of a consent decree may meet its initial burden by showing either a significant change either in factual conditions or in law." *Rufo v. Inmates of Suffolk Cnty. Jail*, 502 U.S. 367, 383-84 (1992); *see also Horne v. Flores*, 557 U.S. 433, 447 (2009). Here, as the parties correctly note, the continuing validity of an injunction that requires Defendant to make certain modifications to a website it neither owns nor controls is in question. Accordingly, the Court finds that the circumstances here warrant vacating the Default Final Judgment against Defendant pursuant to Rule 60(b)(5). Moreover, Plaintiff's pending Application for Attorney's Fees, Costs and Expert Expenses, ECF Nos. [12] & [13], is due to be denied as moot.

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Defendant's Motion, **ECF No. [19]**, is **GRANTED**.
2. The Default Final Judgment, **ECF No. [11]**, is **VACATED**.
3. The above-styled case against Defendant Agent Provocateur International (US) LLC is **DISMISSED WITHOUT PREJUDICE**.
4. Plaintiff's Application for Attorney's Fees, Costs and Expert Expenses, **ECF Nos. [12] & [13]**, is **DENIED AS MOOT**.
5. The Clerk of Court is directed to **CLOSE** this case.

Case No. 21-cv-20931-BLOOM

6. To the extent not otherwise disposed of, all pending motions are **DENIED AS MOOT** and all deadlines are **TERMINATED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, on June 4, 2021.

**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record